# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MELVIN JORDAN, III,

    Petitioner,

vs.

UNITED STATES OF AMERICA.

No. C13-0137-LRR
No. CR08-0010-LRR

**ORDER**

---

    This matter appears before the court on Melvin Jordan, III's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Melvin Jordan, III ("the petitioner") filed such application on December 2, 2013.

    The petitioner did not pay the filing fee or submit an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, it is clear that the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is more appropriately characterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The challenges asserted are the type of challenges properly submitted in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). Because the petitioner is challenging the imposition of his sentence rather than the execution of his sentence, the petitioner's reliance on 28 U.S.C. § 2241 is only proper if

the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).[1] Contrary to the petitioner's assertion, it cannot be said that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Relying on 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255 merely because of the limits regarding an action under the latter statute is impermissible. *Id*. Thus, the court does not have jurisdiction to consider the petitioner's claim under 28 U.S.C. § 2241.

Based on the foregoing, the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.[2] The petitioner's action is dismissed with prejudice. To the extent that the petitioner desires a certificate of appealability under 28

---

[1] Insofar as he is complaining about the computation of his sentence, the petitioner should seek relief under 28 U.S.C. § 2241 in the district where he is confined. *See, e.g.*, *Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013); *Fegans v. United States*, 506 F.3d 1101, (8th Cir. 2007); *see also United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (explaining that an action under 28 U.S.C. § 2241 can be filed in the district where he is confined, the district court for the District of Columbia or any district where the Federal Bureau of Prisons maintains a regional office).

[2] The court declines to analyze the petitioner's action under 28 U.S.C. § 2255 in light of *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792, 157 L. Ed. 2d 778 (2003), which concluded that a court may recharacterize a pro se litigant's pleading as a 28 U.S.C. § 2255 motion but before doing so the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [28 U.S.C.] § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [28 U.S.C.] § 2255 claims he believes he has." If the petitioner desires to pursue relief under 28 U.S.C. § 2255, he can complete the form that is regularly used by those who are seeking relief under 28 U.S.C. § 2255. *See* Rule 2(c) of the Rules Governing Section 2255 Proceedings (stating that the motion must substantially follow the form appended to the Rules Governing Section 2255 Proceedings). And, within such form, the petitioner can address whether the one-year statute of limitation under 28 U.S.C. § 2255(f)(1) bars him from seeking relief because judgment entered against him on September 4, 2008 and he did not file a direct appeal.

U.S.C. § 2253, the court concludes that there is no basis to issue one.

**IT IS SO ORDERED**.

**DATED** this 6th day of December, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA